UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOY<br><br>Plaintiff,<br><br>v.<br><br>BCA FINANCIAL SERVICES, INC.,<br><br>Defendant. | CIVIL ACTION No. 1:15-cv-6234<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

COMPLAINT FOR RELIEF PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, CHRISTOPHER MOY ("Moy"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, BCA FINANCIAL SERVICES, INC. ("BCA"), as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

JURISDICTION AND VENUE

2. This action arises under, and is brought pursuant to, the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k, 28 U.S.C. §§ 1331, 1337, as this action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391; Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a natural person who resides within the Northern District of Illinois. Plaintiff is a "consumer," as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. At all times relevant to the action, Defendant BCA is a debt collector with offices at 18001 Old Cutler Road #462, Miami, Florida 33157.

6. BCA is a "debt collector," as defined by the FDCPA, U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSE OF ACTION

7. On January 30, 2014, Moy filed a joint Chapter 7 bankruptcy. The petition was filed in the U.S. Bankruptcy Court for the Northern District of Illinois, case no. 14-B-02932.

8. Moy listed Advocate Condell Medical Center ("Advocate") on Schedule F of his petition. *See* Exhibit A, a true and correct copy of Schedule F to Moy's Chapter 7 petition.

9. Advocate received notice of Moy's Chapter 7 filing. The notice was sent to Advocate at 801 S. Milwaukee Ave., Libertyville, IL 60048-3204. *See* Exhibit B, a true and correct copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines.

10. On April 29, 2014, Moy received his Chapter 7 discharge. *See* Exhibit C, a true and correct copy of the April 29, 2014 discharge order and BNC certificate of notice.

11. Pursuant to 11 U.S.C. §524, all of Moy's dischargeable debts (including any debts owed to Advocate) were discharged. Moy's responsibility for those debts was terminated as a matter of law.

12. Advocate received notice of Moy's discharge. The notice was sent to Advocate on May 1, 2015. It was sent to 801 S. Milwaukee Ave., Libertyville, IL 60048-3204. *Id.*

13. Upon information and belief, at some point between April 29, 2014 and June 19, 2015, Advocate placed Moy's discharged debt with BCA for collections.

14. On June 19, 2015, BCA sent Moy three separate dunning letters seeking to collect three sums of money on behalf of Advocate. *See* Exhibit D, true and correct copies of the June 19, 2015 dunning letters.

15. In early July 2015, Moy called BCA to inquire about the letters. He was told that the debts in question were from medical bills incurred in May of 2012.

16. BCA knew or should have known that Moy's debt to Advocate had been discharged in his Chapter 7 bankruptcy. As a sophisticated debt collector, BCA should have processes in place to ensure that it does not attempt to collect on discharged debts.

17. BCA knowingly attempted to collect a debt that it knew to be discharged.

### COUNT I -- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Moy repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. The debts that Moy owed to Advocate were consumer debts under 15 U.S.C. §1692a(5), because they were for family medical bills.

20. BCA violated 15 U.S.C. §1692e(2) by misrepresenting the legal status of Moy's debts; Moy had discharged his debts to Advocate on April 29, 2014, rendering them uncollectable.

21. BCA knew or should have known that Moy's debts were discharged because it was collecting on behalf of Advocate, which had notice of the Moy's discharge.

22. BCA also violated 15 U.S.C. §1692e(10) because its prohibited dunning letter was a false representation (that it could collect the debt) used in an attempt to collect a debt.

23. As a result of the above violations of the FDCPA, Moy is entitled to an award of statutory damages and legal fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, CHRISTOPHER MOY respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory damages of $1000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 16, 2015                      Respectfully Submitted,

/s/ Matthew H. Hector
Matthew H. Hector ARDC#6283058
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188